IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-71 |
| | ) | (JARVIS/GUYTON) |
| DANIEL ALFORD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER OF COMMITMENT FOR MENTAL EXAMINATION AND EVALUATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On February 14, 2006, the parties appeared before the Court for a scheduled motion hearing on the defendant's Motion For Mental Evaluation [Doc. 27], filed on February 3, 2006, pursuant to 18 U.S.C. § 4241. Assistant United States Attorney Tracee Plowell appeared on behalf of the government. Attorney James W. Bell appeared on behalf of the defendant, who was also present.

During oral argument on the motion, defense counsel stated that he wished to rely upon the contents of his motion and voiced concern regarding the defendant's mental capacity to stand trial and to assist counsel. Defense counsel also noted the gravity of the charges facing the defendant, and argued, in the exercise of caution, that a mental competence evaluation be performed. While the government did not file a written response to the defendant's Motion For Mental Evaluation, Attorney Plowell stated that the government had reviewed the motion and discussed the

1

matter with Attorney Bell, and did not oppose the defendant's motion.

The Court then conducted a sealed hearing, without the presence of government counsel, with Defendant Alford and Attorney Bell. Without going into the confidential and private nature of that discussion, the Court concluded that good cause existed to grant the motion.

After carefully considering the defendant's Motion for Mental Evaluation, the arguments made by defense counsel, the statements made by the defendant, as well as noting that the government does not object, the Court finds that the defendant's motion is well taken and should be **GRANTED.** Accordingly, the Court finds that the defendant should undergo a competency evaluation under 18 U.S.C. § 4241.

On February 7, 2006, the District Judge cancelled the February 21, 2006 trial date [Doc. 29], and directed the undersigned to set a new trial date. The time during which the defendant is undergoing a mental examination is excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A). Additionally, up to ten days of transportation time is excludable under the Act. 18 U.S.C. § 3161(h)(1)(H). Once the defendant returns from his examination, the Court will need to hold a competency hearing, the time for which will also be excludable. See 18 U.S.C. § 3161(h)(1)(F). If the defendant is found competent, the parties will need time to prepare for trial. See 18 U.S.C. § 3161(h)(8)(B)(iv). Accordingly, the Court finds that the ends of justice served by the continuance for an evaluation outweigh the best interest of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). A new trial date will not be set at this time. A status conference and/or competency hearing is set for **May 16, 2006 at 10:00 a.m.** The Court further finds, and the parties agreed, that all time between the February 14, 2006 hearing and the May 16, 2006 competency hearing would be fully excludable time under the Speedy Trial Act. See 18 U.S.C.

§ 3161(h)(1)(A), -(F), -(H), and -(8)(A)-(B).

It is therefore **ORDERED:**

1. That defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for the purposes indicated herein and the United States Marshal is hereby directed to transport the defendant to the nearest suitable psychiatric facility (hospital) for purposes of psychiatric evaluation, pursuant to 18 U.S.C. §§ 4241 and 4242. Said commitment shall be for a reasonable period not to exceed forty-five (45) days (to commence when defendant arrives at the facility), unless otherwise ordered.

2. That the receiving facility and doctor in whose primary care the defendant is placed shall file a written report with this Court pursuant to 18 U.S.C. § 4247(c) as soon as practical with copies to counsel for the government and the defendant, said report to include:

    a. the defendant's history and present symptoms;

    b. a description of the psychiatric, psychological, and medical tests that were employed and their results;

    c. the examiner's findings; and

    d. the examiner's opinions as to diagnosis, prognosis, and

    (1) whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

    (2) whether the defendant suffered from such mental disease or defect which rendered him insane at the time of t he offense charged.

3. That a status hearing or hearing on the question of the defendant's competency to stand trial is presently set for **May 16, 2006 at 10:00 a.m.**, pending the return of the

defendant and a report on his mental condition from the facility to which he is assigned.

    4.    That the defendant be given any necessary medications if determined appropriate to do so by the medical staff at the facility;

    5.    That the psychiatrist/psychologist have access to any Pretrial Services Reports completed on defendant in the instant case; and

    6.    That the psychiatrist/psychologist have access to all available medical records on the defendant.

    7.    The names, addresses, and telephone numbers of the Assistant United States Attorney, defense counsel, and defendant's pretrial service officer are as follows:

    (a)    Government's counsel: Tracee Plowell
P.O. Box 872, Knoxville, TN 37902
(865) 545-4167

    (b)    Defense counsel: James W. Bell
420 W. Church Ave., Suite 102
Knoxville, TN 37902
(865) 546-9020

    (c)    Pretrial Services Officer: Carol Cavin
800 Market Street, Suite 120, Knoxville, TN 37902
(865) 545-4017

    8.    The Clerk is directed to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

    9.    The United States Marshal shall notify the clerk of the court and the undersigned's office promptly when defendant returns to this jurisdiction from the mental evaluation. A competency hearing/status conference has been scheduled for **May 16, 2006 at 10:00 a.m.**

4

10. The trial will be reset at the status conference/competency hearing.

11. All time between the **February 14, 2006** hearing and the **May 16, 2006** hearing is fully excludable under the Speedy Trial Act for the reasons set forth herein.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

5