IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-71 |
| | ) | (JARVIS/GUYTON) |
| DANIEL ALFORD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This matter came before the undersigned for a competency hearing on September 6, 2006. Assistant United States Attorney Tracee Plowell was present representing the government. Attorney James W. Bell appeared on behalf of Defendant Alford, who was also present.

By way of background, the Court notes that on February 14, 2006 it granted Defendant's Motion For Mental Evaluation [Doc. 27] and ordered that Defendant be committed for evaluation pursuant to 18 U.S.C. § 4241(d)(1) [Doc. 32]. Defendant was delivered to the Metropolitan Correctional Center in New York for evaluation. A competency hearing was held on May 16, 2006, at which time, the Court found Defendant incompetent to stand trial and ordered that Defendant be returned to the custody of the Attorney General for further treatment at a federal

1

medical facility [Doc. 34]. Defendant was delivered to the U.S. Medical Center for Federal Prisoners in Springfield, Missouri for evaluation. On July 3, 2006, Defendant filed a Notice of Insanity Defense [Doc. 36], which in turn prompted the government to file a motion [Doc. 38] requesting that the Court enter a superceding Order directing Defendant be examined pursuant to 18 § 4242(a), in addition to § 4241(d)(1). The Court granted the government's request and ordered the staff at FMC Springfield to evaluate Defendant pursuant to 18 U.S.C. §§ 4241 and 4242 [Doc. 39]. In accordance with the aforementioned Orders [Docs. 34 and 39], the Court received a twelve page Forensic Psychological Report (dated August 4, 2006), a Certificate of Competency (dated August 7, 2006), and a four page Forensic Psychological Report Addendum (dated August 21, 2006) from the U.S. Medical Center For Federal Prisoners in Springfield, Missouri. At the September 6, 2006 competency hearing, Attorney Bell represented to the Court that he had spoken at length with the clinical psychologist who evaluated Defendant, that he had reviewed the Reports with Defendant, and that Defendant did not agree with said Reports. As such, Bell indicated to the Court that he would likely need to petition the Court for funds to secure further private, psychiatric evaluation. AUSA Plowell indicated to the Court that she had also spoken with the psychologist who evaluated Defendant and, based on said conversation, did not believe an independent evaluation would be beneficial in this case.

Pursuant to 18 U.S.C. §§ 4241 and 4247(d), it appears from the Forensic Psychological Report and Certificate of Competency, and I so find by a preponderance of the evidence, that Defendant Daniel Alford is able to understand the nature and consequences of the charges and proceedings against him, and to properly assist an attorney in his own defense. Accordingly, the matter will be reset for trial.

2

Case 3:05-cr-00071   Document 43   Filed 09/08/06   Page 2 of 4   PageID #: 27

It also appears from the Forensic Psychological Report Addendum, but no finding is made by the undersigned, pursuant to 18 U.S.C. § 4242, that Defendant Daniel Alford was not insane at the time of the offense charged and that he had no mental disease or defect which would have impaired his ability to appreciate the nature, quality, or wrongfulness or his actions.

Thus, the Court finds that Defendant Daniel Alford is competent to proceed. Accordingly, Defendant will remain in detention pending trial.

With regard to defense counsel's indication that he may need to seek further private evaluation of Defendant, the Court **GRANTS** counsel leave to file the appropriate petition for such evaluation.

Having found Defendant Alford competent to stand trial, the Court set a new trial date of **November 29, 2006, at 9:00 a.m.**, before District Court Judge James H. Jarvis. The Court further finds that all of the time from Defendant's Motion For Mental Evaluation [Doc. 27], filed on February 3, 2006, and the November 29, 2006 trial date is fully excludable time under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(A), -(F) and -(H).

Accordingly, it is **ORDERED**:

(1) Defendant is **FOUND** competent to stand trial;

(2) The Court **GRANTS** Defendant Alford leave to file a petition for private, psychiatric evaluation;

(3) All time between **February 3, 2006** and **November 29, 2006**, is fully excludable time under the Speedy Trial Act for the reasons stated herein; and

3

(4) The trial of this matter is set to commence on **November 29, 2006, at 9:00 a.m.**, before the Honorable James H. Jarvis, United States District Court Judge.

**IT IS SO ORDERED.**

ENTER:

_s/ H. Bruce Guyton_
United States Magistrate Judge

4