IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:05-cr-71 |
| | ) | |
| DANIEL ALFORD | ) | |

## **MEMORANDUM AND ORDER**

This is a crack cocaine case. On January 25, 2006, the Honorable H. Bruce Guyton, United States Magistrate Judge, filed a Report and Recommendation (R&R) [Doc. 26] in which he recommended that defendant's motion to suppress evidence [Doc. 16] and his motion to suppress statement [Doc. 17] be denied. Thus, Judge Guyton recommended that the clear plastic baggie of powder cocaine, the clear plastic baggie of crack cocaine, and $230 in cash be admitted at the trial of this case, as well as defendant's admission that he was in possession of the powder cocaine found in the car.[1]

This matter is presently before the court on defendant's timely appeal of that R&R [Doc. 26],[2] as well as the government's response to that appeal [Doc.

---

[1] Defendant denied that he was in possession of the crack cocaine.

[2] Even though the defendant's appeal was not filed until September 15, 2006, this court's order [Doc. 29] filed on February 7, 2006, allowed defendant 10 days after an

49]. Additionally, defendant has filed a second motion to suppress statement [Doc. 46] and the government has likewise filed a response to that motion [*see* Doc. 48]. Consequently, all of these matters are now ripe for adjudication.³ As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R from which defendant appeals. For the reasons that follow, defendant's appeal will be dismissed, the R&R will be accepted in whole, and all three motions to suppress will be denied.

I.

***Appeal From the R&R***

In his appeal, defendant neither objects to Judge Guyton's factual findings nor his legal conclusions; rather, he simply requests that review of the R&R be held in abeyance pending the resolution of his second motion to suppress because that motion is predicated on newly discovered evidence.

---

adjudication of competency within which to do so. Judge Guyton filed a memorandum and order making that declaration on September 8, 2006 [*see* Doc. 43]; thus, defendant's appeal filed on September 15, 2006, was well within that 10-day time period.

³As the parties are aware, all pretrial motions are usually referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as appropriate. However, under the unusual circumstances of this case, it would be a waste of valuable judicial resources to refer defendant's second motion to suppress statement to Judge Guyton. As will become apparent, the facts necessary for an adjudication of defendant's second motion to suppress statement have already been discussed and analyzed by Judge Guyton. Consequently, this court can easily make an informed decision on the present record.

As will be discussed shortly, the court is in complete agreement with the government that there is no "newly discovered evidence" which would impact the R&R as a matter of law. Because the defendant has no legal, factual, or any other specific objection to the R&R, it will be accepted in whole whereby defendant's initial motions to suppress will be denied.

II.

*Second Motion to Suppress Statement*

In this motion, defendant seeks to suppress the following statement made to Detective Christopher Bell of the Knoxville Police Department on July 1, 2005, shortly after defendant's arrest:

> Alford stated that he used cocaine and admitted possession of powder cocaine but denied possession of crack cocaine. I confronted Alford with the fact that both baggies were side by side. There was no way he would have noticed one without the other. Alford had no answer. Alford admitted that he had sold crack before but stated he had not sold any on this date.

[*See* Doc. 46, p.1]. Defendant contends that the government has failed to demonstrate that he was competent at the time of this statement; therefore, his statement was not given knowingly, voluntarily, and intelligently.

3

In order to address the singular issue raised in this motion, a brief review of certain facets of the history of this case is in order. On February 3, 2006, defendant filed a motion for a mental evaluation [Doc. 27], which Judge Guyton granted on February 14, 2006 [*see* Docs. 31-32]. Subsequently, the defendant was committed for that mental examination and evaluation and, after another hearing on May 16, 2006, was found not competent to stand trial [*see* Docs. 33-34]. The defendant was then returned for further treatment and evaluation [*id.*]. On August 25, 2006, the defendant was again returned to this district for a further competency hearing [*see* Doc. 40]. Judge Guyton conducted that hearing on September 6, 2006, finding that the defendant was finally competent to stand trial [*see* Docs. 42-43]. The trial of this case was then set for November 29, 2006 [*id.*].

Against that background, defendant contends that even though he is now competent to stand trial, it does not also follow that he was competent at the time he gave the statements in question to Detective Bell. Defendant's argument misses the mark on this issue.

As correctly observed by Judge Guyton, the key component in an analysis of whether a confession is voluntary or not is "whether there is coercive police conduct" present in this case. On that issue, Judge Guyton made the following observations:

> In the present case, the defendant does not allege any coercive police conduct. Although the statement was given while the defendant was under arrest, in custody, and in a police vehicle, no guns were drawn. The video tape indicates that Bell spoke somewhat casually to Alford. There is no evidence of raised voices, threats, or intimidation. Bell's testimony that he and Alford knew each other, and in fact, had recently before this arrest spoken at police headquarters is credible and persuasive. The Court finds that there was no evidence of police misconduct and that Alford knew his rights, and that he voluntarily agreed to discuss the two plastic baggies and the presence of drugs with Bell. ... In summary, the Court finds that the defendant's statements in question were voluntarily given, after defendant was given the <u>Miranda</u> warnings. Therefore, the Court finds no reason to suppress the statements made by Alford to Bell.

[*See* Doc. 26, pp.12-13]. Additionally, as the Supreme Court held in *Colorado v. Connelly*, 479 U.S. 157, 170 (1986), a defendant's mental state does not enter into the voluntariness calculus. As specifically noted by the Court, "[t]here is obviously no reason to require more in the way of a 'voluntariness' inquiry in the *Miranda* waiver context than in the Fourteenth Amendment confession context. The sole concern of the Fifth Amendment, on which *Miranda* was based, is governmental coercion." *Id.* at 169-70 (citations omitted).

Based on Supreme Court precedent and on the fact that Judge Guyton has already concluded that there was no evidence of government coercion[4], no further evidentiary hearing is necessary whereby defendant's second motion to suppress must also be denied.

III.

*Conclusion*

For the reasons foregoing, as well as the reasons articulated by Judge Guyton in his R&R, defendant's appeal from that R&R [Doc. 47] is DISMISSED whereby the R&R [Doc. 26] is ACCEPTED IN WHOLE. Accordingly, defendant's motion to suppress evidence [Doc. 16] and his motion to suppress statement [Doc. 17] are DENIED. Additionally, defendant's second motion to suppress statement [Doc. 46] is DENIED. The court will therefore allow the introduction of the evidence at issue, including the clear plastic baggie of powder cocaine, the clear plastic baggie of crack cocaine, and cash, as well as statements made by the defendant after his arrest, at the trial of this matter. Finally, in view of the above actions, the

---

[4] In fact, as pointed out by Judge Guyton, defendant did not allege any coercive police conduct [*see* Doc. 26, p.12].

defendant's *pro se* motion for permission to appeal the R&R [Doc. 30] is hereby DENIED AS MOOT.[5]

**E N T E R :**

s/ James H. Jarvis
UNITED STATES DISTRICT JUDGE

---

[5]Assuming that the defendant was even competent to file any sort of *pro se* pleading on February 8, 2006, the local rules of this court do not permit a party to act in his own behalf when he is represented by counsel. E.D.TN. LR 83.4(c). There appears to be little reason to allow an exception to the rule in this case, especially given the fact that defendant's attorney of record, James W. Bell, has been vigorously and zealously representing the defendant in this case.