UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No. | 3:05-CR-071 |
| | ) | | |
| DANIEL ALFORD | ) | | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on the defendant's April 23, 2019 motion for

sentence reduction. [Doc. 114]. Through counsel, the defendant asks the Court to reduce

his sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391,

132 Stat. 5194, which retroactively applies certain provisions of the Fair Sentencing Act

of 2010, Pub. L. 111-220, 124 Stat. 2372.

The United States has filed its response. [Doc. 115]. For the reasons that follow,

the defendant's motion will be granted in part.

## I.     Defendant's Eligibility for First Step Act Relief.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment

once it has been imposed, but the rule of finality is subject to a few narrow exceptions."

*Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks

omitted). One of those narrow exceptions is 18 U.S.C. § 3582(c)(1)(B), which provides

that "the court may modify an imposed term of imprisonment to the extent otherwise

expressly permitted by statute . . . ." The First Step Act, which was enacted on December

21, 2018, is one such statute.

Section 404(b) of the First Step Act instructs that the "court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." A covered offense is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a).[1]

In 2007, a jury found the present defendant guilty possessing with the intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Prior to the Fair Sentencing Act, 21 U.S.C. § 841 (as applied to the present defendant) mandated an enhanced sentence of ten years to life imprisonment for violations of section 841(a)(1) involving five grams or more of cocaine base. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2007). For 841(a)(1) violations involving less than five grams of cocaine base, the relevant enhanced statutory imprisonment range was (and remains) zero to thirty years. *See id.* § 841(b)(1)(C). Since the enactment of the Fair Sentencing Act, the 841(b)(1)(B)(iii) penalties now apply only to offenses involving 28 grams or more of cocaine base. *See* 21 U.S.C. § 841(b) (2019); *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

---

[1] Section 404(c) of the First Step Act imposes additional limitations, none of which apply in this case.

As noted, the First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . ," First Step Act, § 404(a). This Court agrees that

> eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act. If so, the defendant is categorically eligible for consideration regardless of actual quantities. The particular quantities affect only the Court's discretionary call on whether to grant a reduction in sentence.
>
> . . .
>
> . . . This is a categorial decision based on the type of prior conviction, not any particular quantity determination. The Court then determines whether to exercise its discretion to reduce the defendant's sentence. . . . Based on this information, the Court will then determine the extent of any reduction it decides in its discretion to award, consistent with statutory limits, non-binding guideline considerations, and the Section 3553 factors.

*United States v. Boulding*, 379 F. Supp. 3d 646, 648, 651, 654 (W.D. Mich. 2019).

As noted, the instant defendant was found guilty possessing with the intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Section 2 of the Fair Sentencing Act of 2010 modified the statutory penalties for that federal criminal statute. *See* Fair Sentencing Act, 124 Stat. 2372. The defendant committed his crime in 2005. [Presentence Investigation Report ("PSR"), ¶ 6]. Thus, he was sentenced by this Court for "a covered offense" and is eligible to be considered for First Step Act relief.

## II.     Factual Background

In this case, by judgment dated September 6, 2007, the Court imposed a term of imprisonment of 400 months to be followed by eight years of supervised release.  Prior to trial and pursuant to 21 U.S.C. § 851, the United States timely filed an information giving notice of a prior felony drug conviction to be relied upon to increase the defendant's statutory term of imprisonment from a mandatory minimum of five years to a mandatory minimum of ten years.  [Doc. 13].  *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2007).

The defendant's guideline range was 360 months to life, based on a Career Offender total offense level of 37 and a criminal history category of VI.  According to the Bureau of Prisons, the defendant is presently scheduled for release on May 15, 2035.

## III.     Analysis

As noted, the defendant's motion is authorized by the First Step Act because he was sentenced in this Court for "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."  First Step Act, § 404(a).  Specifically, the defendant's enhanced statutory term of imprisonment was reduced by section 2 of the Fair Sentencing Act *from* a mandatory ten years to life *to* a range of zero to thirty years, and his enhanced minimum term of supervised release was reduced from eight years to six.

This reduction in the defendant's statutory maximum term of imprisonment drops his Career Offender guideline range to 262 to 327 months, based on a total offense level of 34 and a criminal history category of VI.  The Court has considered the filings in this case,

along with the relevant 3553(a) factors. The Court has also reviewed the defendant's Bureau of Prisons SENTRY Report and has refamiliarized itself with the defendant's PSR. Having done so, the Court is satisfied that a sentence reduction is warranted.[2]

The defendant's sentence will be reduced to 280 months, which is within but not at the bottom of his new guideline range. This sentence is largely based on the defendant's substantial criminal history and his continued misconduct while incarcerated. During his time in Bureau of Prisons' custody, the defendant has incurred <u>nine</u> disciplinary sanctions, for conduct including assault and possession of drugs or alcohol. Collectively, these facts suggest a continued need to protect the public from future crimes by this defendant. *See* 18 U.S.C. § 3553(a)(1), (2)(A), (2)(C).

## IV. Conclusion

For the reasons provided herein, the defendant's motion for sentence reduction [doc. 114] is **GRANTED IN PART**. The defendant's term of imprisonment is reduced to **280 months**. The defendant's term of supervised release is reduced from eight years to **six years**. *See* 21 U.S.C. § 841(b)(1)(C).

While on supervised release, the defendant shall be subject to the following additional special condition of supervision:

---

[2] The defendant's request for a plenary resentencing hearing will, however, be denied. The First Step Act does not expressly require such a proceeding, and the Court does not find one necessary in this case. *See e.g., United States v. Hardin*, Nos. 2:99-CR-36, 2:03-CR-74, 2019 WL 2519887, at *3 (E.D. Tenn. June 18, 2019); *United States v. Lawson*, No. 1:03CR398, 2019 WL 1959490, at *3 (N.D. Ohio May 2, 2019). Also denied will be the defendant's attempts to challenge his original conviction and sentence by way of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). The proper vehicle for raising such claims is a motion under 28 U.S.C. § 2255. *See, e.g., United States v. Moody*, 397 F. App'x 201, 204 (6th Cir. 2010); *United States v. Lewis*, 498 F.3d 393, 395 (6th Cir. 2007).

The defendant shall submit his person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Except as provided herein, all provisions of the judgment dated September 6, 2007, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

_____
s/ Leon Jordan
United States District Judge