# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

United States of America
v.
Daniel Alford

Case No: 3:05-cr-71
USM No: 16600-074

Date of Original Judgment: 9/6/2007
Date of Previous Amended Judgment: 9/23/2019

Nicholas Wallace
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment of _____ months **is reduced to** _____ .

Please see the attached analysis.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**SO ORDERED**.

Order Date: 1/27/2025

*Judge's signature*

Effective Date: _____
*(if different from order date)*

KATHERINE A. CRYTZER, United States District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:05-CR-71-KAC-JEM |
| DANIEL ALFORD, | ) ) ) |
| Defendant. | ) ) |

## **ANALYSIS**

Before the Court is Defendant Daniel Alford's "Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(2) Retroactive Amendments to Guidelines" [Doc. 122]. On September 6, 2007, the Court sentenced Defendant to four-hundred (400) months' imprisonment for possessing with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) [Doc. 73 at 1-2; *see also* Doc. 118 at 2]. On September 23, 2019, the Court reduced Defendant's term of imprisonment to two-hundred-and-eighty (280) months, pursuant to Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018) [*See* Doc. 118 at 4-5].

On February 20, 2024 Defendant filed the instant Motion [Doc. 122], asking the Court to further reduce his term of imprisonment due to his purported status as a "'zero-point offender[]'" "as well as" a "'Status Points' offender[]" [Doc. 122 at 1]. The Court appointed counsel under Standing Order 23-06, and counsel filed a "Notice of No Intention to File a Supplemental Motion" [Doc. 123]. The United States opposed Defendant's motion [Doc. 124], asserting that Defendant "is ineligible" for a reduction because (1) Defendant's "criminal history category is unchanged" by Amendment 821 and (2) Defendant "had more than zero criminal history points" when sentenced [Doc. 124 at 1]. It is correct.

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2) provides that if "a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," then "the Court may reduce the term of imprisonment, after considering" the relevant 18 U.S.C. § 3553(a) factors and the "applicable [Sentencing Commission] policy statements." 18 U.S.C. § 3582(c)(2). However, the "decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

In 2023, the Sentencing Commission promulgated Amendment 821 to the United States Sentencing Guidelines and voted to apply Parts A and B of Amendment 821 retroactively. *See* U.S.S.G. § 1B1.10(d). Under the relevant Sentencing Guidelines policy statement, to determine if a reduced sentence is warranted, the Court must first "determine the amended guideline range that would have applied to the defendant" if the relevant amendments "had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). The Court must initially "leave all other guideline applications unaffected." *Id.*

As is relevant here, Amendment 821 amended Section 4A1.1 of the Guidelines as it relates to "status points":

> Section 4A1.1 is amended—
> by striking subsection (d) as follows:
> "(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.";
> by redesignating subsection (e) as subsection (d);
> and by inserting at the end the following new subsection (e):
> "(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal

3

justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

U.S. Sent'g Comm'n, Amendment 821 (2023). Amendment 821 also added Section 4C1.1 to the Guidelines. That Section authorizes a two-level reduction in offense level if a defendant meets certain criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense);
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role); and
> (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G § 4C1.1(a).

Here, Defendant is ineligible for a reduction under either Section 4A1.1 or Section 4C1.1. When sentenced, Defendant had a subtotal criminal history score of sixteen (16) [Presentence Report ¶ 49, *sealed].[1] The then-existing text of Section 4A1.1 required the addition of two (2) status points because Defendant committed the instant offense while on probation [*Id.* ¶ 50, *sealed]. Defendant's total criminal history score generated a criminal history category of six (VI) [*See id.* ¶ 52, *sealed]. Under Amendment 821 and the current text of Section 4A1.1(e), Defendant would receive only one (1) additional criminal history point for committing the instant

---

[1] Defendant's Presentence Report was not docketed in this case, but it is on file with the Court.

offense while under a criminal justice sentence instead of the two (2) he received [*See id.* ¶ 50, *sealed]. *See* U.S.S.G § 4A1.1(e). That reduction, however, leaves his criminal history category unchanged for two reasons. *First,* the one-point reduction would still establish an amended criminal history score that is above thirteen (13), resulting in a criminal history category of VI (six) [*See id.* ¶¶ 49-50, 52, *sealed]. *Second,* Defendant's status as a "career offender" would increase his criminal history category to six (VI) regardless [*See id.* ¶¶ 19, 52, *sealed]. *See* U.S.S.G § 4B1.1(b). Because Defendant's criminal history category is unchanged, Amendment 821 does not have the effect of lowering his guideline range under 4A1.1. *See* 18 U.S.C. 3582(c)(2). Defendant is similarly ineligible for a reduction under Section 4C1.1 because he is not a zero-point offender. As discussed, he received multiple criminal history points from Chapter 4 [*See id.* ¶ 49, *sealed]. Accordingly, Defendant is not eligible for a reduction in sentence under Amendment 821 Part A or B.

5